UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSIAH MALCHIEL ISRAEL BEN-ONI,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN LUKE WOOD, et. al.,<br><br>Defendants. | No. 2:24-cv-02769-DJC-JDP<br><br><u>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION</u> |

Pending before the Court is a Motion for Temporary Restraining Order ("TRO") and a Motion for Preliminary Injunction ("PI") filed by *pro se* Plaintiff Joseph Malchiel Israel Ben-Oni on October 8, 2024. (TRO Mot. (ECF No. 3); PI Mot. (ECF No. 2); Compl. (ECF. No. 1.)) For the reasons stated below, the Court DENIES both Motions.

Plaintiff seeks to prohibit Defendants, Jonathan Luke Wood, and Associated Students, Incorporated ("ASI"), from imposing fee increases and proceeding with the construction of an athletic stadium. (TRO Mot. at 3; PI Mot. at 5.) He also seeks to enjoin Defendants from enforcing ASI Operating Rule 200.6. (TRO Mot. at 3; PI Mot. at 5.)

////

////

1

## I. Background

In the TRO Motion and the PI Motion, Plaintiff alleges that his First and Fourteenth Amendment rights are violated by Defendants' implementation of a $508 fee increase set to occur in Fall 2025 and a $96 increase that took place in Fall 2023, the planned construction of new athletic stadium, and the ongoing enforcement of ASI Operating Rule 200.6.[1] (TRO Mot. at 5; PI Mot. at 5.) Plaintiff claims the financial burden of the fees and constructing the stadium will hinder students' access to educational opportunities, compromise the quality of their academic experience and suppress student engagement. (TRO Mot. at 4; PI Mot. at 4.) He also argues that ASI Operating Rule 200.6 disenfranchises marginalized groups on campus by restricting their ability to sign petitions based on arbitrary eligibility criteria. (TRO Mot. at 2; PI Mot. at 3.) These arguments are clarified in Plaintiff's Complaint [2], where he states that he was unable to sign, or create, a petition of recall for the President and Vice President of ASI. (Compl. ¶ 5.) These two individuals then participated in a committee where the fee increases were approved. (*Id.* ¶ 9.) The Complaint also alleges that the stadium, although stated to come from "dedicated funds for athletics," places a burden on students because Defendants have imposed other athletics-related fees on students. (*Id.* ¶ 36.)

Plaintiff makes several claims. First, he argues that the fee increase was approved through a process depriving students of their rights to democratic participation in governance. (TRO Mot. at 2; PI Mot. at 3.) Specifically, he alleges that ASI Operating Rule 200.6 directly chills the ability to participate in petitions, in violation of the First Amendment. (TRO Mot. at 3, PI Mot. at 3.) He also alleges a violation of the Fourteenth Amendment Equal Protection Clause because the rule

---

[1] According to Plaintiff, ASI Operating Rule 200.6 "stipulates that students must have participated in prior elections to be eligible to sign future petitions." (Compl. ¶ 6.)

[2] Plaintiff mentions in the Complaint that there is an "Exhibit A" that includes documented communications sent to President Wood and other university officials. They do not appear to have been attached. However, the documents would not have changed the Courts analysis. (Compl. ¶ 23.)

disproportionately impacts certain student groups (TRO Mot. at 3, PI Mot. at 3,) and a violation of the Due Process Clause because the rule is ambiguous. (TRO Mot. at 3.) Lastly, Plaintiff argues that Defendants demonstrated deliberate indifference to the discriminatory impact of ASI Operating Rule 200.6. (PI Mot. at 3.)

## II. Legal Standard

The Court will construe the Motions liberally because Plaintiff is proceeding *pro se*. *See Bernhart v. Los Angeles* County, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe *pro se* pleadings liberally, including *pro se* motions as well as complaints."). To obtain preliminary injunctive relief, Plaintiff must show (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008); *see Stuhlbarg Int'l Sales Co. v. John D. Bush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting the standards for a PI and a TRO are "substantially identical").[3]

## III. Discussion

### A. Likelihood of Success on the Merits

The first *Winter* factor, likelihood of success on the merits, is considered the most important where a plaintiff brings a constitutional claim. *Baird v. Bonta,* 81 F.4th 1036, 1041 (9th Cir. 2023). For the reasons below, it does not appear that Plaintiff has stated a viable constitutional violation. As an initial matter, the Court is not aware of, nor has Plaintiff provided, any authority suggesting a constitutional right of students to participate in the approval of university fees such that his claim would be successful.[4]

---

[3] The Ninth's Circuit's "sliding scale" approach does not apply here because it does not appear that the balance of hardships tip sharply in Plaintiff's favor. *See Friends of the Wild Swan v. Weber,* 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted).

[4] The Supreme Court has held that students may opt-out of mandatory university fees where the university distributed money in a "viewpoint discriminatory" manner. *See Rosenberger v. Rectors & Visitors of the Univ. of Va.,* 515 U.S. 819, 828 (2005). However, Plaintiff has not made those allegations here.

Plaintiff's argument that the fee increase is unconstitutional because of ASI Operating Rule 200.6 also fails for the reasons below.

### i. First Amendment Claim

Under the First Amendment, as incorporated to the states through the Fourteenth Amendment, "Congress shall make no law… abridging the freedom of speech… or the right of people to peacefully assemble." U.S. CONST. Amend. I. The Supreme Court has long held that the First Amendment applies to state colleges and universities. *Healy v. James,* 408 U.S. 169, 180 (1972). Plaintiff argues he is likely to succeed because ASI Operating Rule 200.6 chills his speech by infringing on his ability to participate in petitions, which is a fundamental aspect of democratic governance within the state university. (*See* PI Mot. at 1.)

Although the issue of signing a petition involves expressive conduct, the First Amendment allows for the implementation of reasonable time, place, and manner restrictions on speech in a public forum. *See Flores v. Bennett,* 635 F. Supp. 3d 1020, 1031 (E.D. Cal. 2022). Assuming, without determining, that a public forum is involved, it is unclear from the record whether the rule is improper.[5] From the summary of ASI Operating Rule 200.6 provided to the Court, it does not appear that the rule is viewpoint-discriminatory or content-based such that it would be an improper restriction. Additionally, there is not enough information on the record to determine whether the eligibility criteria are in fact "arbitrary" or if there is a government interest being furthered. *See NRA v. City of Los Angeles,* 441 F. Supp. 3d 915, 931 (C.D. Cal. 2019) (using the text of the challenged ordinance to determine whether a First Amendment claim was likely to succeed on the merits). It also has not been shown that student voices are in fact silenced by the Rule itself. Therefore, Plaintiff has not

---

[5] In both traditional and designated public fora, "the government may impose reasonable, time, place and manner restriction on speech, but content-based restrictions must be viewpoint neutral and satisfy strict scrutiny review." *Koala v. Kholsa,* F.3d 887, 900 (9th Cir. 2019).

established a colorable First Amendment claim, let alone shown a likelihood of success on the merits.

### ii.  Equal Protection Claim

Under the Equal Protection Clause, the state may not discriminate against classes of people in an "arbitrary or irrational" way or with the "bare . . . desire to harm a politically unpopular group." *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439 (1985).  Plaintiff argues his claim is likely to succeed because ASI Operating Rule 200.6 disproportionately affects transfer, international and undocumented students leading to unequal treatment in accessing university processes.  (TRO Mot. at 3; PI Mot. at 3.)  First, transfer students are not a protected class that would receive heightened scrutiny.  Even for allegations made about alienage, Plaintiff has not shown a discriminatory intent behind establishing ASI Operating Rule 200.6 such that a viable Equal Protection Claim could be successful, even under strict scrutiny.  *See Hernandez v. N.Y.,* 500 U.S. 352, 372–373 (1991).

### iii.  Due Process Claim

In the TRO Motion, Plaintiff alleges that ASI Operating Rule 200.6 is ambiguous, thereby providing inadequate notice to students about their eligibility to engage in university governance.  (TRO Mot. at 3.) However, without the text of the rule, the Court cannot determine whether there are issues of vagueness.  Therefore, this claim is not likely to succeed on the merits.

### iv.  Deliberate Indifference to Constitutional Violations

In the PI Motion, Plaintiff argues that Defendants displayed deliberate indifference to the discriminatory impact of ASI Operating Rule 200.6 thereby perpetuating the harm.  (PI Mot. at 3.) Typically, the claim of deliberate indifference arises in the Eight Amendment and Fourteenth Amendment context involving the relationship between prison guards and prisoners.  Here, Plaintiff has not shown, through facts or case law, how his claim is like recognized instances of deliberate indifference.  Furthermore, Plaintiff has not stated any sort of harm, as the

discriminatory impact of a rule alone is typically not enough to be a constitutional violation. *See Vill. of Arlington Height v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 266 (1977). Therefore, Plaintiff's claim is not likely to succeed.

### B. Likelihood of Irreparable Harm

Plaintiff has also not established a likelihood of irreparable harm in the absence of preliminary relief.[6] While Plaintiff seeks to enjoin enforcement of ASI Operating Rule 200.6, the fee increase, and the construction of the stadium (*see* TRO Mot. at 3; PI Mot at 5,) he has not shown that any of these harms are imminent. *See Friends of the Wild Swan*, 767 F.3d at 946. Specifically, Plaintiff has not demonstrated how the Fall 2025 fee increase or the construction of the stadium immediately impacts students' access to education beyond a potential future economic harm. Nor has he shown that ASI Operating Rule 200.6 creates an imminent harm. His allegations solely concern past harm and hypothetical, future injuries that do not suffice. *See Hollywood v. Pub. Storage Inc.*, No. 18-cv-01822-JGB-GJS, 2018 WL 6003557, at * 2 (C.D. Cal. Oct. 4, 2018) (denying motion for *ex parte* temporary restraining order due to lack of evidence showing "temporal urgency such that immediate and irreparable harm will occur if there is any delay in obtaining relief." (citation omitted)).

### C. Balance of Hardships and Public Interest

Even if Plaintiff had raised a "serious legal question" such that the Ninth Circuit's sliding scale approach would be appropriate, the balance of hardships does not "tip sharply" in Plaintiff's favor. *See Cottrell*, 632 F.3d at 1131. In the absence of this preliminary relief, it does not appear that the harm to Plaintiff, who has not stated a claim likely to succeed, would outweigh the hardship to Defendants, who would have to cease construction plans, potentially change programming as the result of a loss of

---

[6] Plaintiff's TRO Motion cites the standard as a "possibility of irreparable harm." (TRO Mot. at 2.) This is not the correct standard but even under that analysis, Plaintiff's motion still fails. *See Winter, 555 U.S.* at 20.

fees, and alter a university rule.  For similar reasons, it does not appear that the public interest is served by an injunction in this instance.

None of this is to say that Plaintiff will be unable to state a cause of action.  The Court only finds that at this early stage Plaintiff has not shown a need for preliminary relief.  Thus, Plaintiff's Motions must be denied as he failed to meet at least one of the four *Winter* factors.  *See Dish Network Corp., v. F.C.C.,* 653 F.3d 771, 776 (9th Cir. 2011) ("To warrant a preliminary injunction [the movant] must demonstrate that it meets *all four* of the elements of the preliminary injunction test established in *Winter* . . ." (emphasis added)).

### D. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Temporary Restraining Order (ECF No. 3) and Motion for Preliminary Injunction (ECF No. 2) are DENIED.  This matter is referred to the assigned Magistrate Judge for all further pretrial proceedings.

IT IS SO ORDERED.

Dated:   **October 11, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

7