UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSIAH MALCHIEL ISRAEL BEN-ONI,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN LUKE WOOD, *et al.*,<br><br>Defendants. | Case No.  2:24-cv-2769-DJC-JDP (P)<br><br><br><br>ORDER |

Plaintiff, who is proceeding without counsel, has filed two motions for reconsideration, a motion for electronic filing privileges, and a motion to amend. ECF Nos. 15, 16, 18, & 21.  For the following reasons, plaintiff's motions for reconsideration and motion for electronic filing privileges will be denied, but I will grant his motion to amend.

**Motion for Electronic Filing Privileges**

Generally, "any person appearing pro se may not utilize electronic filing except with permission of the assigned Judge or Magistrate Judge." E.D. Cal. L.R. 133(b)(2). "Requests to use paper or electronic filing as exceptions from these Rules shall be submitted as stipulations as provided in L.R. 143 or, if a stipulation cannot be had, as written motions setting out an explanation of reasons for the exception." E.D. Cal. L.R. 133(b)(3).  Plaintiff's motion does not demonstrate good cause to depart from the normal filing procedure for unrepresented litigants.

1

1  The motion is denied.

**Motions for Reconsideration**

Under Rule 60(b), the court may grant reconsideration of a final judgment and any order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party.  *See* Fed. R. Civ. P. 60(b)(1)-(3).  A motion for reconsideration on any of these grounds must be brought "within a reasonable time."  Fed. R. Civ. P. 60(c)(1).  Motions for reconsideration should be granted only in rare circumstances.  *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995).  Mere disagreement with a previous order is an insufficient basis for reconsideration.  *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

Plaintiff moves for this court to reconsider granting defendant Associated Students, Incorporated's, and defendant Jonathan Luke Wood's motions for an extension of time to respond to the complaint.  ECF Nos. 15 & 18.  Plaintiff argues that the court should have reviewed his oppositions before granting defendants' ex parte applications.

The court finds that plaintiff has not demonstrated a proper basis under Rule 60(b) to reconsider its prior orders granting defendants additional time.  And in any event, the court has reviewed both of plaintiff's oppositions and finds that nothing in them would change the court's opinion regarding the motions.

**Motion to Amend**

The Federal Rules of Civil Procedure permit plaintiff to amend his complaint as a matter of course before service of a responsive pleading.  *See* Fed. R. Civ. P. 15(a).  Accordingly, his motion to amend is granted.  He must file his amended complaint within fourteen days of this order's entry.  Plaintiff is advised that his amended complaint will supersede the current complaint.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint must be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended complaint, as in an original

2

complaint, plaintiff must assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

        Accordingly, it is hereby ORDERED that:

        1. Plaintiff's motion for electronical filing privileges, ECF No. 16, is denied.

        2. Plaintiff's motions for reconsideration, ECF Nos. 15 & 18, are denied.

        3. Plaintiff's motion to amend, ECF No. 21, is granted.  Plaintiff shall file his first amended complaint within fourteen days of this order.

IT IS SO ORDERED.

Dated:   November 18, 2024

                      JEREMY D. PETERSON
                      UNITED STATES MAGISTRATE JUDGE