UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSIAH MALCHIEL ISRAEL BEN-ONI, | Case No. 2:24-cv-2769-DJC-JDP (PS) |
| Plaintiff, | |
| v. | ORDER |
| JONATHAN LUKE WOOD, *et al.*, | |
| Defendants. | |

Plaintiff is a current student at California State University, Sacramento ("CSUS"). He has brought this case against Jonathan Wood, the President of the University; and the University's student body group, the Associated Students, Incorporated ("ASI"). Pending are plaintiff's: motion for class certification, ECF No. 24; motion to file supplemental pleadings, ECF No. 29; request for a status conference, ECF No. 31; request for procedural clarity, ECF No. 36; motion for a hearing date, ECF No. 37; revised motion for a hearing date, ECF No. 40; motion to file a supplemental brief, ECF No. 41; corrected motion to file a supplemental brief, ECF No. 42; motion for leave to file a sur-reply, ECF No. 45; and motion to appoint counsel, ECF No. 46. Defendants have filed a motion to dismiss, ECF No. 33. For the foregoing reasons, each of plaintiff's motions are denied and defendants' motion is granted without prejudice.

1

**Motion for Class Certification**

Plaintiff has filed a motion that asks for this case to proceed as a class action. The motion also seeks to certify a class consisting of current and former students at CSUS who paid tuition during the 2023-2024 academic year. ECF No. 24. Defendants oppose this motion. ECF No. 32. Because plaintiff is representing himself, he cannot litigate a class action on behalf of other plaintiffs. *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (holding that a pro se litigant may not appear as an attorney for others); *Antonetti v. Foster*, 691 F. App'x 841, 841 (9th Cir 2017) (unpublished) ("The district court properly denied Antonetti's motion for class certification because, as a pro se litigant, Antonetti has no authority to represent anyone other than himself."). This motion is denied. And since this motion is denied, so too is plaintiff's motion for a hearing on the motion and his motion to revise the hearing date. ECF Nos. 37 & 40.

**Motions for Supplemental Filings**

Plaintiff has filed a motion to file a supplemental pleading that adds additional claims, ECF No. 29; a motion to file a supplemental brief, ECF No. 41; a corrected motion to file a supplemental brief, ECF No. 42; and a motion to file a sur-reply, ECF No. 45. The motion to file a supplemental pleading is denied as unnecessary since, as explained below, plaintiff will be permitted to file an amended complaint within thirty days of this order. The motions to file supplemental briefs are denied because plaintiff does not explain what brief he seeks to supplement. Finally, plaintiff's motion to file a sur-reply is denied as unnecessary as the court resolves defendants' motion to dismiss in this order.

**Motion for a Status Conference**

Plaintiff requests a status conference be held to address his pending motions. ECF No. 31. That motion is denied as moot as this order resolves all pending motions.

**Motion for Procedural Clarity**

In this motion, plaintiff requests that the court order defendants to file separate motions to dismiss. ECF No. 36 at 1-2. Additionally, plaintiff asks that the court direct defendants to address the "substantive implications" rather than "procedural arguments" in their motion to

2

1   dismiss. *Id.* at 3.  This motion is denied.  Plaintiff has sued both defendants in the same lawsuit;
2   there is no requirement that they file separate motions.

## Motion for Counsel

Generally, pro se litigants do not have a right to counsel in civil actions. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  However, the court can ask that an attorney represent an indigent civil litigant under certain exceptional circumstances.  28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *see Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir 2004).  In determining whether such circumstances exist, the court must evaluate both the plaintiff's likelihood of "success on the merits and . . . plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved." *Agyeman*, 390 F.3d at 1103 (internal quotation omitted).

The court does not find that plaintiff's likelihood of success, the complexity of the issues, or the degree of plaintiff's ability to articulate his claims amount to exceptional circumstances warranting the appointment of counsel.  Accordingly, this motion is denied.  ECF No. 46.

## Motion to Dismiss

### I.   Allegations

Plaintiff brings this action against defendant Wood, in his official capacity as President of CSUS and the ASI of CSUS.  ECF No. 25 at 3-4.  ASI is a student organization that represents student interests, manages student activities, and is a self-governing organization. *Id.* at 4.  The 34-page amended complaint details many specific, but not necessarily related, grievances plaintiff has against defendants; but the court understands the crux of plaintiff's claims to center around his ineligibility to author petitions that would have blocked ASI's representatives from raising the ASI membership fee.

Plaintiff alleges that on April 13, 2023, ASI relied upon ASI Operating Rule 200.6 to deny him the right to create or sign a petition to recall the president and vice president of ASI. *Id.* Rule 200.6 mandates that eligibility to sign a petition rest on whether the student participated in a prior election. *Id.*  Plaintiff claims that ASI's use of Rule 200.6 violates CSUS's nondiscrimination policy because it "disenfranchises" transfer students, freshman, international

1  students, and undocumented students. *Id.* He claims that this denial occurred during a critical
2  election, in which defendant Wood tasked ASI to increase ASI membership fees. *Id.* Plaintiff
3  attributes the low student voter turnout in the Spring 2023 elections to the "chilling effect" of
4  Rule 200.6. *Id.* at 5. Plaintiff attempted to initiate a second recall petition of the ASI president
5  and vice president in April 2024, but his ability was "severely hampered" by Rule 200.6. *Id.* at 6.
6  The ASI president and vice president, with the support of defendant Wood, increased the ASI fee
7  to $508. *Id.* at 5. This increase, according to the complaint, disproportionally affects low-income
8  and underrepresented students.[1] *Id.* at 9.

Plaintiff alleges that defendants violated his First, Eighth, and Fourteenth Amendment rights. *Id.* at 6-7. For his First Amendment claim, plaintiff alleges that ASI's implementation of Rule 200.6 had a chilling effect and constituted an unlawful restriction on constitutionally protected speech. *Id.* at 6. Plaintiff alleges that Rule 200.6's discriminatory nature violates the Equal Protection Clause by prohibiting marginalized groups (transfer students, freshman, international, undocumented students) from participating in ASI's voting. *Id.* Next, he claims that ASI's implementation of Rule 200.6 violates due process since the rule fails to provide notice to students about their eligibility to participate in elections. *Id.* at 7. Finally, he claims that defendant Wood's lack of action to address the discriminatory nature of Rule 200.6 constitutes deliberate indifference.

**II.      Legal Standards**

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."

---

[1] The amended complaint also contains extensive and detailed allegations that appear to have no relevancy to plaintiff's claims. For example, the complaint outlines the history ASI, statistical evidence of national student government associations, the student population of CSUS, CSUS's plans for building a new sport's stadium, tuition increases, CSUS's allocation of $250,000 for funding the Black Honors Program, a breakdown of plaintiff's tuition for Spring 2023, Fall 2023, Spring 2024, and Fall 2024, and much more. *See generally* ECF No. 25.

4

1 *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has facial plausibility when a
2 plaintiff "pleads factual content that allows the court to draw the reasonable inference that the
3 defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

4       In deciding motions under Rule 12(b)(6), the court generally considers only allegations
5 contained in the pleadings, exhibits attached to the complaint, and matters properly subject to
6 judicial notice, and construes all well-pleaded material factual allegations in the light most
7 favorable to the nonmoving party.  *See Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d
8 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).  In certain
9 circumstances, the court may also consider documents referenced in but not included with the
10 complaint, or that form a basis of plaintiff's claims.  *See United States v. Ritchie*, 342 F.3d 903,
11 907 (9th Cir. 2003).

12 **III.     Analysis**

13       Defendants argue that the amended complaint violates the Federal Rule of Civil Procedure
14 8 pleading standards.  ECF No. 33-1 at 5.  They contend that the complaint is a mishmash of
15 causes of actions, prayers for relief, and factual allegations, each bearing no relation to the other.
16 *Id.*  In addition, defendants argue that the amended complaint fails to state specific facts against
17 each defendant and does not specify which claims are brought against each defendant.  *Id.* at 6.
18 Finally, they argue that each of the complaint's enumerated claims fails.  More specifically, for
19 plaintiff's constitutional claims premised on § 1983, defendants argue that plaintiff has not
20 properly pleaded that defendants are state actors; for the equal protection and due process claims,
21 defendants argue that plaintiff has neither alleged a proper protected class nor that the
22 implementation of Rule 200.6 was adopted with discriminatory intent.  *Id.* at 7.

23       Plaintiff has filed two oppositions to defendants' motion.  ECF Nos. 34 & 35.  He
24 primarily argues that he has properly pleaded claims under the First Amendment, Fourteenth
25 Amendment, and 42 U.S.C. § 1983, and that defendants' procedural arguments should not be
26 considered.  ECF No. 35 at 2.

27       Federal Rule of Civil Procedure 8 "Federal Rule of Civil Procedure 8(a)(2) requires only
28 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to

5

'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although a complaint is not required to include detailed factual allegations, it must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). It must also contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

      A district court may dismiss a complaint for failure to comply with Rule 8(a)(2) if the complaint is "verbose, confusing and conclusory." *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981); accord *Brosnahan v. Caliber Home Loans, Inc.*, 765 F. App'x 173, 174 (9th Cir. 2019) (same, quoting *id.*). Additionally, a court may dismiss a complaint for failure to comply with Rule 8(a) if it is "argumentative, prolix, replete with redundancy, and largely irrelevant." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). "[A] dismissal for a violation under Rule 8(a)(2)[] is usually confined to instances in which the complaint is so 'verbose, confused and redundant that its true substance, if any, is well disguised.'" *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)).

      Plaintiff's amended complaint violates Rule 8. The allegations are hidden amongst unorganized text and attachments. Indeed, the complaint is similar to other complaints that have been stricken for failure to make a "short and plain statement" of the claim for relief. *See, e.g.*, *McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996) (affirming dismissal of a 53-page complaint); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (affirming dismissal of a 48-page complaint); *Agnew v. Moody*, 330 F.2d 868 (9th Cir. 1964) (affirming dismissal of a 55-page complaint).

      The complaint also violates Rule 8 by not providing defendants with fair notice of each specific claim and of the facts on which each is based. Defendants cannot be expected to wade through the amended complaint's unorganized allegations to discern plaintiff's claims. The complaint, as it stands, would "burden [defendants] with the onerous task of combing through a

1  [34]-page pleading just to prepare an answer that admits or denies such allegations, and to
2  determine what claims and allegations must be defended or otherwise litigated." *Cafasso, U.S. ex*
3  *rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011). Accordingly, the court
4  dismisses the complaint with leave to amend for violation of Rule 8.[2]

5  If plaintiff decides to file an amended complaint, the amended complaint will supersede
6  the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en
7  banc). This means that the amended complaint will need to be complete on its face without
8  reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is
9  filed, the current complaint no longer serves any function. Therefore, in an amended complaint,
10 as in an original complaint, plaintiff will need to assert each claim and allege each defendant's
11 involvement in sufficient detail. The amended complaint should be titled "Second Amended
12 Complaint" and refer to the appropriate case number. If plaintiff does not file an amended
13 complaint, I will recommend that this action be dismissed.

14 Accordingly, it is hereby ORDERED that:

15 1. Plaintiff's motion for class certification, ECF No. 24; motion to file supplemental
16 pleadings, ECF No. 29; motion for a status conference, ECF No. 31; motion for procedural
17 clarity, ECF No. 36; motion for a hearing date, ECF No. 37; motion for a hearing date, ECF No.
18 40; motion to file a supplemental brief, ECF No. 41; motion to file a supplemental brief, ECF No.
19 42; motion for leave to file a sur-reply, ECF No. 45; and motion to appoint counsel, ECF No. 46,
20 are DENIED.

21 2. Defendants' motion to dismiss, ECF No. 33, is GRANTED without prejudice.

22 3. Plaintiff is granted thirty days from service of this order to file a second amended
23 complaint.

---

[2] This court's overwhelming caseload has been well-publicized, and the long-standing lack of adequate judicial resources in this district long ago reached crisis proportions. This crisis continues to have serious implications for this court and litigants appearing before it. In light of this, the court asks the parties to be judicious in their filings so that this action can proceed in an efficient manner and reach prompt resolution.

7

    4. Failure to timely file an amended complaint will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:   April 3, 2025                                        
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE