UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSIAH MALCHIEL ISRAEL BEN-ONI, | Case No.  2:24-cv-2769-DJC-JDP (PS) |
| Plaintiff, | |
| v. | ORDER |
| JONATHAN LUKE WOOD, *et al.*, | |
| Defendants. | |

This case has stumbled into a forest of excessive filings and motion practice, and it is time this case gets back on track.[1]  The court is interested in efficient resolution of this action.  For that to occur, the parties must avoid excessive and unnecessary filings.  Pending before the court is

[1] A brief review of the docket highlights the court's concern: plaintiff has filed an initial complaint, ECF No. 1, a motion for preliminary injunction, ECF No. 2, a motion for temporary restraining order, ECF No. 3, a motion for reconsideration. ECF No. 15, a motion for electronic filing privileges, ECF No. 16, a second motion for reconsideration, ECF No. 18, a motion to amend, ECF No. 21; a motion for class certification, ECF No. 24; motion to file supplemental pleadings, ECF No. 29; request for a status conference, ECF No. 31; request for procedural clarity, ECF No. 36; motion for a hearing date, ECF No. 37; revised motion for a hearing date, ECF No. 40; motion to file a supplemental brief, ECF No. 41; corrected motion to file a supplemental brief, ECF No. 42; motion for leave to file a sur-reply, ECF No. 45; motion to appoint counsel, ECF No. 46; a notice in response to defendant's deadline concerns, ECF No. 47; a notice of relevance, ECF No. 48; a request for preservation of evidence, ECF No. 53; a second amended complaint, ECF No. 55; a request for judicial notice, ECF No. 56; and, now pending before the court, a motion for sanctions, ECF No. 63; a motion for a protective order, ECF No. 64; and a motion for judicial intervention, ECF No. 65.

1

plaintiff's a motion for sanctions, ECF No. 63; a motion for a protective order, ECF No. 64; and a motion for judicial intervention, ECF No. 65.  For the foregoing reasons, plaintiff's motions are denied.

### Background

The parties held their Rule 26(f) conference on July 25, 2025.  ECF No. 68-1 ay 3.  Prior to that conference—during the weeks of July 14 and 21, 2025—defense counsel, Alec Tyra, was out of the office.  *Id.* at 2.  Before his departure, on July 12, 2025 (Saturday), Mr. Tyra prepared discovery to be served on plaintiff.  *Id.*  Mr. Tyra emailed the discovery requests to his staff to finalize with his signature, but he inadvertently did not tell his staff that the discovery was not to be served until after the Rule 26(f) conference.  *Id.*  On July 14, when Mr. Tyra was out of the office, his staff served the discovery on plaintiff.  *Id.* at 3.  On July 17, plaintiff emailed Mr. Tyra about the premature discovery.  ECF No. 63 at 11-13.  Later that day, Mr. Tyra responded that all discovery served on July 14 was withdrawn and would be re-served after the Rule 26(f) conference.  *Id.* at 13.

### Motion for Sanctions

Plaintiff asks the court to sanction defendant for Mr. Tyra's premature discovery under Federal Rule 26(g)(3).  ECF No. 63 at 2.  Plaintiff seeks numerous sanctions.[2]

---

[2] Specifically, he asks for:

1. At least, but not limited to, six to twelve separate and distinct monetary sanctions (at least one for each improper certification signature from each of the six premature and improper discovery instruments served and initiated upon the Pro Se Plaintiff on July 14, 2025, whether there are two signatures from different attorneys per each of the six discovery instruments or not) against the Defendants' counsel and/or the Defendants, payable to the Court or Plaintiff, in an amount the Court deems just;

2. An order to show cause, requiring defense counsel to explain their Rule 26(g) certifications under oath;

3. A written admonishment or formal reprimand of counsel's conduct;

4. An order barring premature or ex parte filings without explicit leave of Court;

5. Referral to the State Bar for potential disciplinary investigation;

6. Close scrutiny, under penalty of deterrence sanctions, restricting all electronic filings by Defendants to occur within alignment with physical Courthouse hours (8:30 a.m. - 4:00 p.m.) unless otherwise authorized by the Court, to prevent procedural gamesmanship that exploits Plaintiff's lack of ECF access

7. Penalties for misrepresentation to the Court, under penalty of perjury for sworn

Plaintiff's motion is denied.  Mr. Tyra states in his declaration that he made an honest mistake in prematurely having his staff serve the discovery on plaintiff.  ECF No. 68-1 at 3. Plaintiff notified Mr. Tyra of this issue three days later, and that same day Mr. Tyra expressly withdrew the premature discovery.  ECF No. 63 at 10-14.  The court finds no basis to exercise sanctions here.  Sanctions "must be exercised with restraint and discretion" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) and are reserved for when counsel's conduct "constituted or was tantamount to bad faith." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980).  Mr. Tyra's mistake, which he promptly rectified, cannot be fairly characterized as bad faith.

**Motion for Protective Order**

As an initial matter, the court understands that as of July 17, defendants withdrew their discovery request and that no further discovery has been sought.[3]  Because there is currently no outstanding discovery, plaintiff's motion for a protective order is premature.  Further, Federal Rule 26(c) requires a motion for a protective order to "include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."  Plaintiff's motion contains no such certification.  Plaintiff points out that the parties conferred regarding the premature discovery, but that dispute has been resolved.

Should the parties seek a protective order in the future, they are strongly encouraged to meet and confer over the specifics sought.  Courts frequently approve stipulated protective orders, but should the parties be unable to agree, then they must comply with my civil standing order.

---

declarations, concerning Defendant's third ex parte application on June 5, 2025;
    8. A stay of the Initial Scheduling Conference scheduled for August 21, 2025 until pending motions (including motions that will be filed next week) can be heard and/or addressed in full by the Court.
    9. A temporary pause or freeze on discovery requests pending the resolution of disputes.
    10. Any other relief the Court deems appropriate to uphold the integrity of this proceeding.
    [3] The parties may have engaged in discovery since the July withdrawal, but the court has no notice of such.

3

**Motion for Judicial Intervention**

Plaintiff has filed a motion for judicial intervention wherein he essentially asks this court to referee every step of litigation. For instance, he seeks a court order directing that "any and all future discovery activity be subject to direct monitoring and approval by the court through status reports, pre-motion letters, or discovery hearings." ECF No. 65 at 2-3. Plaintiff also seeks an order restricting defendants to filing documents only during the courthouse's physical hours of operation. *Id.* at 3. The Federal Rules of Civil Procedure do not contemplate such a motion, and it is denied.

Accordingly, it is hereby ORDERED that plaintiff's motion for sanctions, ECF No. 63; motion for a protective order, ECF No. 64; and motion for judicial intervention, ECF No. 65, are DENIED.

IT IS SO ORDERED.

Dated:    January 14, 2026                                   _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE